UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11736-RWZ

IN RE ACEVEDO

ORDER

April 14, 2017

ZOBEL, S.D.J.

Appellant, Vicente Perez Acevedo, appeals an August 4, 2016 decision and August 5, 2016 order of the United States Bankruptcy Court for the District of Massachusetts that vacated default judgments against appellees, Pablo Meléndéz Bonilla, Nydia María Negrón Contreras and their conjugal partnership, and Leniel Collazo Nazario, and dismissed the adversary proceeding for lack of jurisdiction. See Docket # 2, at 54-68.

Appellant timely filed an appeal to this court, but sought two extensions to file his appeal brief, which he ultimately submitted on December 5, 2016. However, appellees did not file any responsive briefs. On March 28, 2017, appellees Pablo Meléndéz Bonilla, Nydia María Negrón Contreras and their conjugal partnership moved to "Stay [the] Proceedings" because they did not receive any of the filings on this case docket as they "are not registered in the Notice of Electronic Filing." Docket #14, at 3.

To the extent that appellees' motion to stay the proceedings (Docket # 14) is a motion for extension of time to file their responsive briefs, it is ALLOWED. The

appellees shall file their responsive briefs of no more than 10 pages individually or 30 pages jointly, by May 5, 2017. The deputy courtroom clerk shall mail a copy of this order to the following appellees, including counsel for Pablo Melendéz Bonilla and Nydia María Negrón Contreras[1]:

>   Leniel Collazo Nazario
>   RUA Num. 17,472
>   1500 F. Montilla 410 N
>   Bayamon, Puerto Rico 00956
>
>   Pablo Melendéz
>   Urb. Country Club Calle 260 GY-29
>   Carolina, Puerto Rico 00982
>
>   Roberto O. Maldonado Nieves
>   U.S. Id. 202209
>   344 Street #7 NE, Suite 1-A
>   San Juan, Puerto Rico 00920

| April 14, 2017 | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[1] Appellees Melendéz and Negrón further request that appellant, through his counsel send them, by regular mail, "all motions, notices, briefs and appendixes filed in this case." Docket # 14, at 4. In their motion, however, appellees note that "[they] decided to verify what had happened with the notice of appeal filed by [appellant]. . . . We entered the case docket and discovered the orders entered by the Court, just as the brief and motions submitted by the Appellant." Id. Accordingly, it appears appellees are sufficiently able to access the case docket electronically, and as such, there is no need for appellant to send to appellees all such requested documents.