UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11736-RWZ

In re ACEVEDO

MEMORANDUM OF DECISION AND ORDER

September 15, 2017

ZOBEL, S.D.J.

Vicente Pérez Acevedo appeals an order of the United States Bankruptcy Court for the District of Massachusetts (Docket # 10). In that order, the bankruptcy court vacated default judgments against appellees, Pablo Meléndez Bonilla, Nydia María Negrón Contreras and their conjugal partnership (collectively "Bonilla-Contreras"), and their attorney, Leniel Collazo Nazario, and further dismissed the adversary proceeding for lack of jurisdiction.

**I.      Background**

The history of this case is lengthy and complicated. I note only the facts necessary to this decision, which are drawn from the bankruptcy court filings and the designated record on appeal.

**A.      Purchase of the Property in Puerto Rico**

In May 2006, Bonilla-Contreras obtained a mortgage and purchased a vacant property (the "Property") in Puerto Rico. Bonilla-Contreras and Acevedo then formed an entity, Corporación Marcaribe Investment ("Marcaribe"), to acquire the Property, which was transferred to Marcaribe in March 2007. Marcaribe was jointly owned by

Bonilla-Contreras and Acevedo. The parties "allegedly agreed to share equally the responsibility to pay the Mortgage Loan until May 26, 2011." Docket # 2, at 27.

B. Puerto Rico Superior Court Proceedings

Appellees allege that Acevedo fell behind on his share of the mortgage payments, and on April 22, 2010, Bonilla-Contreras, through their attorney, Nazario, filed suit against Acevedo and Marcaribe in Puerto Rico superior court to (1) dissolve Marcaribe; (2) order the appraisal and sale of the Property; and (3) recover moneys from Acevedo in alleged damages that reflect his share of expenses related to the purchase of the Property. During the pendency of the state court proceedings, Bonilla-Contreras allegedly applied for a loan modification and posed as the sole owner of the Property. The loan modification extended the repayment of the mortgage from July 1, 2011 to June 1, 2041.

On April 30, 2012, the superior court judge entered a partial judgment in favor of Bonilla-Contreras and ordered the dissolution of Marcaribe, but refrained from resolving the issues of liquidation and distribution of the assets, and Acevedo's alleged debt to Bonilla-Contreras.

On October 11, 2012, Acevedo filed a motion in the superior court to inform it of his filing for bankruptcy and requested that the superior court "suspend[] solely the collection of money." Docket # 5-7, at 17. In response, on October 23, 2012, Bonilla-Contreras filed a Motion Requesting Extension to "study the current situation" because "the bankruptcy request is under Chapter 13 and it is exclusively of a personal nature" but "it is [their] understanding that the collection of money [in the state court proceedings] applies strictly to Marcaribe Corporation, Inc., within its liquidation,"

2

Docket # 5-7, at 20–21. On November 9, 2012, Bonilla-Contreras, through their counsel, Nazario, filed a motion for partial judgment without prejudice seeking to dismiss Acevedo from the state court proceedings in light of his filing the Chapter 13 bankruptcy petition. On December 3, 2012, the Puerto Rico superior court dismissed Acevedo in his individual capacity, but not Marcaribe, from the state court proceedings.

C. **Chapter 13 Bankruptcy Proceeding in District of Massachusetts**

On October 10, 2012, nearly six months after the superior court ordered the dissolution of Marcaribe but two months prior to Acevedo's dismissal from the state court proceedings, Acevedo filed a Chapter 13 bankruptcy proceeding in the District of Massachusetts.[1] He identified two creditors who held secured claims and two creditors who held unsecured non-priority claims, resulting in a Chapter 13 plan cost of $7,368. See Docket # 5-6, at 62. The Chapter 13 bankruptcy plan was confirmed on October 11, 2013.

D. **Adversary Proceeding in District of Massachusetts Bankruptcy Court**

On March 3, 2013, while the bankruptcy case was still pending, Acevedo filed an adversary proceeding in the bankruptcy court against appellees.[2] The complaint alleges, among other things, that: (1) appellees willfully violated the automatic stay by continuing the state court litigation to dissolve and liquidate Marcaribe; (2) Bonilla and Contreras fraudulently transferred real property; and (3) Bonilla and Contreras violated

---

[1] The Chapter 13 bankruptcy petition, along with the related adversary proceeding, were initially assigned to Bankruptcy Judge Hillman.

[2] Acevedo originally brought the adversary proceeding against multiple defendants, including the FirstBank of Puerto Rico, Tribunal de Primera Instancia Sala de San Juan (the Puerto Rico superior court), and Aileen Navas Auger (the judge overseeing the superior court case). Those parties separately moved to dismiss the complaint for defective service and failure to state a claim upon which relief can be granted, which Judge Hillman allowed on June 5, 2013. See Docket # 5-3, at 9.

3

11 U.S.C. § 542 (turnover of property to the estate).³ Acevedo alleged that the state court proceedings "aim to sell property–the Land–of the estate and to diminish such property of the estate by applying [Acevedo's] interest to a mortgage debt . . . fraudulently obtained through the ultra vires action of a shareholder, of a now dissolved corporation." Docket # 5-3, at 38. He stated that "recovery of his interest in the Land is integral to the success of his Chapter 13 Plan which aims to pay one hundred (100) percent of all claims." Id. at 39.

On April 12, 2013, Nazario filed a motion to extend the time to file an answer, which was granted by Judge Hillman on April 15, 2013. Separately, on April 27, 2013, Acevedo moved for default judgment against Bonilla-Contreras because they had failed to file an answer or make an appearance. On May 13, 2013, Nazario filed a second motion to extend time to answer or otherwise plead. During a hearing held on June 5, 2013, Judge Hillman granted both Nazario's second motion to extend time and Acevedo's motion for default judgment against Bonilla-Contreras. See Docket # 5-8, at 37–51. Subsequently, on July 17, 2013, Judge Hillman entered default judgment against Bonilla-Contreras in the amount of $260,602.07, and the writ of execution was entered on August 14, 2013. Acevedo moved in the District Court for the District of Puerto Rico for an order of execution on the judgment, which was allowed and entered on June 26, 2014. The order directed a special master to seize any or all property of Bonilla-Contreras to satisfy the judgment.

Meanwhile, although Nazario had moved for several extensions to file an

---

³ The additional counts of the complaint include: "Count III - Imposition of a Constructive Trust on Meléndez interest in the Property that is subject to Count II"; "Count V - Recovery and Preservation of Estate Assets"; and "Count VI - Attorney's Fees." Docket # 5-3, at 40–41.

answer, he never submitted any pleading in the adversary proceeding. Subsequently, Acevedo moved for default judgment against Nazario, which was allowed on July 30, 2013. On August 13, 2013, Nazario moved the bankruptcy court to reconsider and dismiss the adversary proceeding, arguing that he never received notice about Acevedo filing the motion for default judgment and that in any event he did not willfully violate the stay because he moved to dismiss the state court proceedings against Acevedo. He further alleged that the "case is a frivolous one" and that Acevedo was "forum shopping[] to avoid justice in Puerto Rico, and knowing most of the defendants cannot defend themselves in [Massachusetts]." Docket # 5-3, at 103. Judge Hillman denied Nazario's motion for reconsideration.

Finally, on July 15, 2014, Roberto Maldonado entered an appearance pro hac vice on behalf of Bonilla-Contreras, and filed a motion for relief from the default judgment against them pursuant to Federal Rules of Civil Procedure 55 and 60(b). On July 29, 2014, Nazario moved again for relief from the default judgment presenting similar arguments as Bonilla-Contreras. The bankruptcy court originally set hearing for these motions on August 22, 2014, but it was delayed to October 1, 2014. At the hearing, the court deferred ruling on the motions for relief and ordered the parties to show cause why the adversary proceeding should not be transferred to the District of Puerto Rico. Judge Hillman, sua sponte, raised the issue of transfer to determine whether it would be in the interest of justice or serve the convenience of the parties to transfer to case to Puerto Rico because "the case would be administered more economically and efficiently in Puerto Rico, where all parties to the adversary proceeding except for the Debtor, the litigation the Debtor claims violates the automatic

5

stay, and the real property in dispute are all located[.]" Docket # 5-5, at 110. At the conclusion of the hearing on March 12, 2015, Judge Hillman decided to retain the case in the District of Massachusetts because "it looks like no matter what happens there'll be action both [in Massachusetts due to the bankruptcy proceeding] and in Puerto Rico [due to the foreclosure proceeding on the Property] before [the adversary proceeding] finally [gets] resolved," and released the order to show cause. Transcript of March 12, 2015 Hearing at 11, Acevedo v. Bonilla et al., (No. 13-01073), ECF No. 232.

### 1. Assignment of Adversary Proceeding to Judge Feeney

On August 7, 2015, both the adversary and bankruptcy proceedings were reassigned to Judge Feeney upon Judge Hillman's retirement. A Notice of Inactivity was issued to the parties by the court on May 16, 2016, after the case had remained inactive for more than six months. That same day, Judge Feeney also issued an Order of Discharge in the bankruptcy proceeding. On June 15 and 16, 2016, the appellees filed responses with the court, informing it that the outstanding motions for relief were still pending for the court to decide.

On August 4, 2016,[4] Judge Feeney issued a memorandum that allowed appellees' motions for relief and vacated the default judgments. She then dismissed the adversary proceeding for lack of subject matter jurisdiction because the bankruptcy proceeding had been fully administered and "the outcome of the disputes among the parties [in the adversary proceeding] can have no effect on the bankruptcy estate." Docket # 2, at 38. On August 5, 2016, she entered an order consistent with her

---

[4] The memorandum is dated August 4, 2016, but was entered on the docket one day later on August 5, 2016.

6

memorandum. Acevedo now appeals Judge Feeney's memorandum and order.

II.     **Standard of Review**

I review the bankruptcy court's decision to grant appellees' motions for relief from the default judgments for abuse of discretion. See United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 660 (1st Cir. 1990). "Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Indep. Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co., 864 F.2d 927, 929 (1st Cir. 1988). Appellant bears the burden of persuasion. See In re Zeitler, 221 B.R. 934, 937 (B.A.P. 1st Cir. 1998) (citing Jones v. Winnepsaukee Realty, 990 F.2d 1, 5 (1st Cir. 1993)).

I review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. In re Handy, 624 F.3d 19, 21 (1st Cir.2010). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Mixed questions of law and fact "invok[e] a sliding standard of review, tending more toward de novo review at the law end." Braunstein v. McCabe, 571 F.3d 108, 124 (1st Cir. 2009).

III.    **Analysis**

   A.    **Vacating Default Judgments Under Rule 60(b)**

Once a default judgment has been entered, relief must be sought under Federal Rule of Civil Procedure 60(b). See Fed. R. Civ. P. 55(c). Motions for relief under Rule

7

60(b) must be brought "within a reasonable time," but motions under Rule 60(b)(1)–(3) must be filed no more than a year after the entry of judgment. Fed. R. Civ. P. 60(c).[5] Although appellees did not explicitly cite to the particular subsections of Rule 60(b) under which they brought their motions, I infer from their papers that they sought relief under Rule 60(b)(3), which grants relief due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct," and 60(b)(6), which grants relief for "any other reason that justifies relief." Fed. R. Civ. P. 60 (b)(3) and 60(b)(6); see Docket # 5-4, at 7–8 (Bonilla-Contreras arguing that court may relieve a party from a final judgment due to "fraud, misrepresentation, or misconduct by an opposing party; or any other reason that justifies relief."); id. at 45–46 (Nazario arguing same). The bankruptcy court did not address relief under Rule 60(b)(3). Instead, it granted relief under Rule 60(b)(6). See Docket # 2, at 36–37 (finding that relief was warranted because "exceptional circumstances" existed).

Acevedo argues, however, that appellees' motions were "written though as [] Rule 60(b)(1) motion[s]," Docket # 10, at 18, which "contemplates the possibility of relief in cases involving 'mistake, inadvertence, surprise, or excusable neglect.'" Id. at 35 (quoting Fed. R. Civ. P. 60(b)(1)). I agree. Here, Bonilla-Contreras claimed that they

---

[5] Acevedo contends that both Bonilla-Contreras and the bankruptcy court were dilatory. Specifically, he contends that Bonilla-Contreras filed their motion for relief more than a year after the entry of judgment, which he asserts was entered on June 6, 2013. The bankruptcy court did not address this argument, but I do not find that it clearly erred. The record reflects that on June 6, 2013, the bankruptcy court allowed Acevedo's motion to amend the court's order allowing default judgment against Bonilla-Contreras. But the court did not enter default judgment until July 17, 2013. Bonilla-Contreras filed their motion for relief on July 15, 2014, which was within one year after entry of judgment.

Acevedo also takes issue with the bankruptcy court's "failure to act on the motions for relief [in a timely manner]," Docket # 10, at 13. However, the time taken by the court to resolve the motions for relief is of no consequence to the issue of whether the appellees timely filed their Rule 60(b) motions, which, as discussed above, was timely filed.

failed to appear due to Bonilla's personal health issues and lack of resources to engage an attorney to represent them in Massachusetts. Nazario, who requested multiple motions for extensions but failed to file a pleading, also claimed that it was difficult to retain counsel in Massachusetts. These reasons for defaulting can soundly be characterized as neglectful. Defendants, however, cannot use Rule 60(b)(6) to obtain relief on a ground that comes within Rule 60(b)(1). See Claremont Flock Corp. v. Alm, 281 F.3d 297, 299 (1st Cir. 2002) ("If a party is 'partly to blame,' Rule 60(b)(6) relief is not available to that party; instead, 'relief must be sought within one year under subsection (1) and the party's neglect must be excusable.'" quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc., 507 U.S. 380, 393 (1993)); see also Cintron-Lorenzo v. Departmento de Asuntos del Consumidor, 312 F.3d 522, 527 (1st Cir. 2002) (rejecting plaintiff's claim that "her personal problems and her inability to retain counsel" were "exceptional circumstances justifying relief from judgment" and finding "that she failed to bring any of [her] travails to the attention of the district court in a timeous fashion.") Appellees were "partly to blame" for their failure to appear, and therefore, cannot seek relief under Rule 60(b)(6). Thus, the bankruptcy court erred in its application of Rule 60(b)(6) to their motions for relief. The court's citation and reliance on Ungar v. Palestine Liberation Org., 599 F.3d 79 (1st Cir. 2010), was also misplaced. In Ungar, the court explained that "a negligently defaulting party [] cannot employ Rule 60(b)(6) to obtain relief because 'a motion under Rule 60(b)(6) is appropriate only when none of the first five sections pertain, and section (6) may not be used as means to circumvent those five preceding sections.'" 599 F.3d at 85 (quoting Ahmed v. Rosenblatt, 118 F.3d 886, 891 n. 9 (1st Cir. 1997)). In Ungar, the court found that defendants appropriately

sought relief under Rule 60(b)(6) because they had willfully defaulted due to a "deliberate strategic choice," and therefore could not seek relief under Rule 60(b)(1). Id. at 86. In contrast, appellees here claim that their "default was not willful," Docket # 5-4, at 10, 46, and therefore they cannot invoke relief under 60(b)(6).

**B.     Damages**

Appellees counter that even if judgment stands, "[t]he lack of an evidentiary record before the Court with admissible evidence precludes the entry of a default judgment without a hearing." Docket # 24, at 23. They claim that the court erred in entering a default judgment in the amount of $260,602.07 because under Rule 54(c), "no default judgment can be greater in amount or different in kind from the demand contained in the complaint." Id. at 22. They are correct. "Following the entry of default, a district court can enter a final judgment without requiring further proof of damages only in limited situations." KPS & Assoc., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003) (citations omitted); cf. Fed. R. Civ. P. 55(b)(1) (authorizing court clerk to enter default judgment "on the plaintiff's request," "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation"); compare HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 919 (holding that district court did not abuse its discretion when it entered default judgment without a hearing because "the proper judgment amount was calculable from the mortgage and loan agreements, certifications by the taxing authorities, and other documents of record"), with In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002) ("A hearing may be required, however, to set damages when the amount is in dispute or is not ascertainable from the pleadings.").

The nature of Acevedo's claims is not a sum certain case. "In the Rule 55 context, a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." KPS & Assoc., Inc., 318 F.3d at 19 (citations omitted). The amount of damages Acevedo is entitled to is unclear based on his complaint and does not clearly support an entry of judgment of $260,602.07 particularly since appellees had dismissed their claims against Acevedo individually in the state court proceedings shortly after he filed the Chapter 13 bankruptcy petition. Nevertheless, the bankruptcy court, without explanation, vacated the hearing that was to be held on July 18, 2013, and did not look beyond Acevedo's affidavit in fixing the amount of damages.[6] Accordingly, the bankruptcy court erred in failing to hold a hearing before fixing the amount of damages.

## IV. Conclusion

Appellant's appeal is ALLOWED IN PART and DENIED IN PART (Docket # 10). The bankruptcy court's order vacating the default judgments is itself vacated, as is the judgment against Bonilla-Contreras in the amount of $260,602.07. The case is remanded to the bankruptcy court to conduct an evidentiary hearing to ascertain any damages due consistent with this order.

    September 15, 2017                        /s/Rya W. Zobel
        DATE                                            RYA W. ZOBEL
                                                                   SENIOR UNITED STATES DISTRICT JUDGE

---

[6] For instance, in support of his claim for damages, Acevedo included the mortgage amount that Bonilla-Contreras obtained to purchase the Property. See Docket # 5-4, at 12. It is unclear how that amount relates to Acevedo's claims in the adversary proceeding, and whether it was an appropriate sum to be included in the damages calculation.